UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CIVIL NO. 1:20-cv-02923**

**ROKE VELASCO and KLAYTON COSTANZO, On Behalf of Themselves and All Others Similarly Situated,**

**Plaintiffs,**

**V.**

**URSA OPERATING COMPANY, LLC,**

**Defendant.**

---

### PLAINTIFFS' ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

---

1. Defendant Ursa Operating Company, LLC ("Defendant") required Plaintiffs Roke Velasco and Klayton Costanzo ("Plaintiffs") to work more than forty (40) hours in a workweek but refused to pay them at the rate of time and one half their regular rates of pay for all hours they worked in excess of 40 hours in a workweek. That is because Defendant misclassified Plaintiffs as independent contractors instead of as employees.

2. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of themselves and all other similarly situated employees, Plaintiffs bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collection are referred to hereinafter as the "FLSA Class Members."

1

3. Plaintiffs worked for Defendant in Colorado. Just as Defendant's misclassification of Plaintiffs violate the FLSA, so too does that misclassification violate the state laws of Colorado. As such, Plaintiffs also bring claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") as a Rule 23 Class Action.

## SUBJECT MATTER JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive, namely the failure of Defendant to pay overtime because it misclassified its employees as independent contractors.

6. Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Roke Velasco is an individual residing in Eagle, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in Colorado within the last three years.

8. Plaintiff Klayton Costanzo is an individual residing in Silt, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "B." Plaintiff performed work for Defendant in Colorado within the last three years.

9. The FLSA Class Members are all current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

10. The Colorado Class Members are all current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors in Colorado by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice. The FLSA Class Members and the Colorado Class Members shall be collectively referred to as the "Class Members."

11. Defendant Ursa Operating Company, LLC is a foreign limited liability company doing business in Colorado. Defendant may be served process through its registered agent - Cogency Global, Inc. at 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

## COVERAGE

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

13. At all material times, Defendant has been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

14. Defendant is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiffs and the Colorado Class Members.

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiffs and the FLSA Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

19. At all material times, Plaintiffs and the Colorado Class Members were employees of Defendant with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## FACTS

20. Defendant is an oil and gas exploration company.  As Defendant's website states: Defendant "is an exploration and production company…Ursa is focused on developing oil rich unconventional plays as well as the acquisition of conventional oil and gas producing properties." (http://www.ursaresources.com/, last visited September 24, 2020). In addition to operating in Colorado, Defendant operates in Texas, New Mexico, Arkansas, North Dakota, and Montana.

21. Plaintiffs worked for Defendant as "lease operators." Plaintiff Velasco worked for Defendant from May 2014 to July 2020.

22. Plaintiff Costanzo worked for Defendant from June 2017 to June 2020.

23. Plaintiffs' primary duty was to maintain oil wells for Defendant. To do this work Plaintiffs were required to perform various manual labor tasks to replace, repair, and maintain oil and gas wells. They used hand tools, such as pipe wrenches, hammers, and chains to do their work. Their job also involved driving to various oil wells owned by Defendant to monitor operations to ensure that the wells were flowing.

24. Defendant set the hours and schedule that the Plaintiffs were required to work. Plaintiffs also reported directly to employees of Defendant. For example, Plaintiffs reported to Andrew Tarasso, the lead pumper, and Darcy Hurst, the production coordinator. Each morning, the Plaintiffs met with employees of Defendant to discuss the tasks for the day. After the morning meeting, the Plaintiffs were sent out to do their work. The employees of Defendant told the Plaintiffs what to do and when to do it on a daily basis.

25. Defendant also gave Plaintiffs equipment to do their work, including the computer system where the Plaintiffs entered data regarding how the wells were flowing.

26. Plaintiffs typically worked more than 40 hours per week. Plaintiff Velasco worked a schedule that was 10 days on and four days off with 10 hours of work or more each day. Plaintiff Costanzo worked a schedule that was five days on and two days off with an average of 12 hours of work or more each day. In fact, working more than 40 hours per week and more than 12 hours per day was common for the Plaintiffs.

27. For compensation, Plaintiff Velasco was paid on an hourly rate basis. Plaintiff Costanzo was paid on a day rate basis and during the last few months was changed to an hourly basis.

28. However, when they worked more than 40 hours per week, they were not paid any additional wags for overtime.

29. No overtime exemption under the FLSA or Colorado law applies to Plaintiffs.

30. No overtime exemption under the FLSA or Colorado law applies to the Class Members.

31. Defendant employs other lease operators as independent contractors in multiple states including Colorado, Texas, Arkansas, North Dakota, and Montana.

32. Defendant paid Plaintiffs and the Class Members in the same manner.

33. Defendant issued pay, supervised, directed, scheduled work and performed all other duties generally associated with that of an employer with regard to Plaintiffs and the Class Members.

34. In addition, Defendant instructed Plaintiffs and the Class Members about when, where, and how they were to perform their work.

35. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiffs and the Class Members:

   a. Defendant paid the Plaintiffs and Class Members a non-negotiable hourly rate or day rate, as is common with employees;

   b. Defendant supervised and directed the work of the Plaintiffs and Class Members;

    c. Defendant required Plaintiffs and the Class Members to report to work at assigned times;

    d. Plaintiffs and the Class Members had no control over what well they may be assigned to;

    e. Defendant required Plaintiffs and the Class Members to request time off in advance and have that time off preapproved;

    f. Plaintiffs and the Class Members faced termination if they failed to follow the work orders provided by Defendant;

    g. Defendant assigned Plaintiffs and the Class Members so many work hours per week (often more than 50) that, as a practical matter, they were prevented from working for any other company;

    h. Plaintiffs and the Class Members worked for Defendant for long periods of time, often years, as is common with employees; and

    i. Defendant maintained the right to discharge Plaintiffs and the Class Members at will.

36. Furthermore, the degree of investment Plaintiffs and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Defendant made significant investments toward employees, office staff, equipment, and computers, amongst others.

37. Moreover, Defendant tracked the time and days the Plaintiffs and Class Members worked just as is common for typical employer-employee relationships.

7

38. Despite these facts, Defendant improperly classified Plaintiffs and the Class Members as independent contractors and not employees.

39. Defendant misclassified the Plaintiffs and Class Members as independent contractors to avoid their obligations to pay overtime wages, in addition to health insurance and other benefits that the Plaintiffs and Class Members were entitled to receive.

40. However, at all times, Plaintiffs and the Class Members were employees of Defendant.

41. Although Plaintiffs have been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiffs were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

42. Instead, Plaintiffs was paid either a flat day rate for all hours worked or an hourly rate without any additional wages for overtime.

43. Defendant's method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. That is, Defendant's misclassification was not by accident, but a well thought out scheme to reduce its labor costs. Accordingly, Defendant's violations of the FLSA were willful.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

44. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

45. Defendant's practice of failing to pay Plaintiffs time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

46. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

48. Plaintiffs have actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

49. Plaintiffs' knowledge is based on their personal work experience and through communications with other workers of Defendant.

50. Other workers similarly situated to the Plaintiffs worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

51. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

52. Defendant has classified and continue to classify the FLSA Class Members as independent contractors.

53. FLSA Class Members perform or have performed the same or similar work as Plaintiffs and were misclassified as exempt by Defendant.

54. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

55.     As such, Class Members are similar to Plaintiffs in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

56.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

57.     The experiences of Plaintiffs, with respect to their pay, hours, and duties are typical of the experiences of FLSA Class Members.

58.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

59.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

60.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

61.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

## COUNT TWO: VIOLATION OF COLORADO WAGE CLAIM ACT
## (CLASS ACTION)

62. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

63. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Colorado Class Members, within the meaning the CWCA.

64. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

65. As a result, Plaintiffs have been damaged in an amount to be determined at trial. Plaintiffs, on behalf of themselves and on behalf of the Colorado Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiffs and the Colorado Class Members for all unpaid overtime wages.

## RULE 23 CLASS ACTION ALLEGATIONS

66. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

67. Plaintiffs brings their overtime claims arising under the CWCA as a Rule 23 class action on behalf of the following classes:

> All current and former lease operators paid on an hourly rate basis or day rate basis and classified as independent contractors in Colorado by Defendant during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

68. Although Plaintiffs do not know the precise number of members of the proposed class, Plaintiffs believe the members of the class are so numerous that their individual joinder is impractical.

69. The identity of the members of the class is readily discernible from Defendant's records.

70. Plaintiffs and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

71. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

    a. Whether Plaintiffs and the Colorado Class Members worked hours in excess of forty per work week;

    b. Whether Plaintiffs and the Colorado Class Members worked in excess of 12 hours per day or 12 consecutive hours in any period;

    c. Whether Plaintiffs and the Colorado Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law;

    d. Whether Defendants failed to properly classify Plaintiffs and the Colorado Class Members as non-exempt employees under Colorado law.

72. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

73. Plaintiffs' claims are typical of the claims of the class because Plaintiffs were not paid overtime wages in accordance with Colorado law and because Defendant classified them as independent contractors just like the Colorado Class Members.

74. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class that they seek to represent. Plaintiffs have retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiffs and their counsel.

75. The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiffs and the Colorado Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

76. The operative question in this case is whether the workers in question were employees or independent contractors. Evidence common to all class memmbers will be determinative.

## PRAYER

77. For these reasons, Plaintiffs pray for:

   a. An order designating the FLSA Class as a collective action;

   b. An order certifying this case as a class action under Rule 23 for the Colorado state law claims;

   c. A judgment against Defendant awarding Plaintiffs and the Class Members all their unpaid overtime compensation and liquidated damages;

   d. An order awarding attorneys' fees, costs, and expenses;

   e. Pre- and post-judgment interest at the highest applicable rates; and

   f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:  /s/ Don J. Foty
    Don J. Foty
    dfoty@hftrialfirm.com
    Texas State Bar No. 24050022
    Admitted before U.S. District Court of Colorado
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFFS AND CLASS MEMBERS